IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
        v.                    )            CR. NO. 1:07cr171-WKW
                              )
LOURENZO FULELLEN MARTIN      )

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on September 13, 2007.  The credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant Martin previously assaulted his ex-wife. She sustained scrapes and lacerations, a bruised shoulder, and multiple fire ant stings during the incident.  Defendant also tampered with her car and left roofing tacks in her yard.  After criminal proceedings were initiated by defendant's wife, defendant told two individuals that he desired to harm his wife to prevent her from testifying against him, and also solicited their assistance in accomplishing the same goal.  The two individuals reported their concerns to the police.  Police obtained a warrant and found multiple weapons in defendant's room and vehicle.  Defendant has previous charges for assault (1991 and 1994), carrying a concealed weapon, aggravated battery, battery, criminal mischief, interference with custody, contributing to the delinquency of a minor, and lewd and lascivious behavior (four charges), as well as a prior probation violation.  He has pending charges for domestic violence third, kidnapping-unlawful imprisonment, criminal solicitation, possession/receipt of controlled substances, and sex offender-failure to register. His ex-wife and the two women who made the police report are potential witnesses in the

instant case and others.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 19th day of September, 2007.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

2